STEPHEN DOUGLAS RYAN *vs.* DENNIS RYAN.

Submitted on briefs May 21, 1894. Affirmed July 5, 1894.

No. 8824.

**Evidence improperly received on the trial disregarded in making findings of fact.**

*Held,* that upon the trial below the court should have excluded all evidence relating to the amount of profits which had been made by a corporation, in which these parties owned an equal number, and practically all, of the stock shares, and hence that it was not error for said court, when making its findings of fact, to refuse to consider such evidence, or to determine its effect.

Appeal by defendant, Dennis Ryan, from an order of the District Court of Ramsey County, *J. J. Egan,* J., made December 9, 1893, denying his motion for a new trial.

On January 15, 1891, at Dubuque, Iowa, defendant made and de-

livered to plaintiff, Stephen Douglas Ryan, his promissory note for $36,177.24 due six months thereafter. The note was not paid and on February 4, 1892, this action was commenced to recover the sum due thereon. Defendant by his answer admitted the making of the note. He alleged that on March 1, 1888, the Minnesota and Ontario Lumber Company was incorporated to carry on lumbering business upon and around Lake of the Woods and deal in pine lands, that its capital stock was $800,000 divided into 8,000 shares of $100 each, that he received 3,990 shares, and the plaintiff the same number, that the remaining twenty shares were held by other persons, that he delivered his shares to plaintiff, who was secretary and treasurer, to be used as security for money borrowed by the corporation to carry on its business, that the money borrowed by the corporation had since been paid, out of the profits of its business, but the stock had not been returned to him. Defendant further answered that when he made the note in suit it was agreed between him and plaintiff (Exhibit No. 1) that it should be paid out of defendant's share of the profits of the business of the corporation, and not otherwise, that his share of the profits had since been more than sufficient to pay the note, and had been received by the plaintiff, and the note thereby paid. All this plaintiff denied by reply. The issues were tried by the court without a jury. Much evidence was received, subject to objection, regarding the assets and profits of the corporation and upon the question whether an oral agreement was made between the parties at the date of the note that defendant's share of the profits made by the corporation should be applied upon this note. The court finally held that the writing, Exhibit No. 1, was not such an agreement, and that an oral contemporaneous agreement could not be proved, and in effect excluded the evidence regarding it, and made findings that no such contract written or oral was made and as conclusion of law found that the note was unpaid and ordered judgment for plaintiff for the amount due upon it. Defendant moved for a new trial. Being denied he appeals.

*R. B. Galusha* and *C. D. & Thos. D. O'Brien,* for appellant.
*Warner, Richardson & Lawrence,* for respondent.

COLLINS, J. Plaintiff brought this action to recover on a promissory note of which he was payee. Its execution and delivery was

admitted by the answer, but as a defense it was alleged that plaintiff had converted to his own use a certificate of stock shares owned by defendant in a stock corporation in which these parties were, practically, the owners of all the stock shares, each owning the same number. The value of the stock certificate as stated in the answer was more than the amount of the note. It was also alleged as a defense that the note was given merely as a memorandum of an advance made by plaintiff to defendant on account of the latter's share of profits to arise from and out of the business of the said corporation; and that at the time of its execution and delivery it was agreed between plaintiff, who was managing the affairs of the corporation, and defendant, that it should be held by the former until there should come into his hands enough of such profits belonging to defendant to meet and satisfy the amount of the note; and that, when it was so met and satisfied, the note was to be surrendered to defendant. It was also alleged that plaintiff had received out of the profits of the business of the corporation certain specified sums of money, defendant's share thereof, as the holder of practically one-half of the stock shares, being largely in excess of the amount due on the note; that plaintiff refused to apply the same in payment of the note, or to pay it over, or to account for it in any way. The relief asked was the cancellation of the note and an accounting between the parties in respect to the business of the corporation. By means of a reply, plaintiff detailed the transactions growing out of his management of the corporation. It was alleged that plaintiff held the stock certificate as security for the payment of a sum of money borrowed by defendant from a third party, and for which plaintiff gave his own note, and was afterwards compelled to pay. The allegation of the answer respecting the amount of profits arising out of the prosecution of the business of the corporation by plaintiff was also denied, and it was alleged that when plaintiff became a stockholder it was agreed in writing between these parties that the entire consideration paid by him for his interest in the corporative business should be repaid before defendant should be entitled to be reimbursed for the amount he had put into the same business, and that this agreement and the business of the corporation were wholly independent of the note. At the end of a long and tedious trial, in which much testimony outside of the issues made by

the pleadings was received by the court sitting without a jury, findings of fact and conclusions of law were filed, by which judgment against defendant was ordered for the amount due on the note. The appeal is from an order denying defendant's motion for a new trial. The findings of fact are very concise. In addition to the admitted fact that the note was duly executed and delivered by defendant, the court found that at the commencement of the action plaintiff had in his custody the stock certificate, that it was defendant's property, and that he was entitled to possession thereof as against plaintiff. It also found that no agreement existed when the note was made and delivered between the parties of the nature set out in the answer. It was also stated in these findings that all other allegations in the answer, and on which evidence had been received, were not passed on or determined, because deemed immaterial. This was equivalent to determining the admissibility of this evidence, all of which was objected to as it was submitted, the rulings of the court being reserved.

Counsel for defendant have made three assignments of error: First, that the trial court erred in holding all of the evidence adduced upon the part of their client to be immaterial; second, in failing to pass upon the counterclaim set up by him, and in failing to consider the evidence submitted in support thereof; and, third, in ordering judgment for plaintiff when it had found as a fact that he was wrongfully in possession of defendant's shares of stock in the corporation.

With reference to these assignments it may be said that the court below did not hold, as stated in the first, that all of the evidence adduced on defendant's part was immaterial. Evidently it considered and relied, when making its findings, upon a portion of the testimony presented by the defendant. As to the third assignment, it is predicated upon the unfounded assumption that the court found as a fact that plaintiff was wrongfully in possession of defendant's stock shares. The court did not find, in effect or otherwise, that plaintiff's possession of the shares was wrongful. It simply found that when the action was commenced plaintiff held the stock certificate in his custody, and that as against him defendant was entitled to possession. This is not equivalent to finding plaintiff's possession to have been wrongful, as counsel seem to think. And if the counterclaim referred to in the second assignment of error

was, in part, the demand arising out of the alleged conversion of the stock certificate, it would clearly appear that it failed to point out any ruling of the court as erroneous, and was palpably insufficient, for the court did not fail to consider and pass upon defendant's allegations concerning the stock shares.

Under the allegations of the answer the defendant could have shown a contemporaneous written agreement between these parties of the purport stated in the pleading, and therefore plaintiff was compelled to reply, for no other course was open to him. Counsel for defendant are therefore wrong in their contention that by joining issue on the affirmative allegations of the answer the plaintiff waived his right to object to an accounting between the parties, and that the case stood precisely as though it was an action brought for that sole purpose. And they are again wrong when contending that, having presented to the court by their evidence the entire matter in dispute, and gone into the affairs of the corporation, the plaintiff must now submit to its being passed upon, and its effect determined; for at all times and at every opportunity during the trial plaintiff's counsel objected to the reception of evidence whereby defendant attempted to show the condition of the business affairs of the corporation, what profits had been made, and what of these profits belonged to the defendant; and at the trial there was no proof of any contract between plaintiff and defendant, verbal or in writing, of the nature set out in the answer. The defendant made no attempt to show the existence in writing of such a contract, and, although improperly given the opportunity, utterly failed to show any verbal agreement of the character pleaded. It is manifest, and we do not understand defendant's counsel to claim to the contrary, that their Exhibit 1 did not tend to establish the allegations of the answer. In fact the entire effort on the part of defendant at the trial, as we gather from an examination of a very voluminous record, was to show that his share of the profits in the business of the corporation exceeded the amount of the note, the contention being that they did, and for that reason it was incumbent upon plaintiff to cancel and surrender the same. In the absenec of evidence tending to establish the making in writing of a contemporaneous agreement to the effect that the note was to be held until such profits equaled the amount thereof, and that they were then to be applied in satisfac-

tion of the same, all of the testimony relating to the corporation should have been excluded at the trial, and it follows that it was not error for the court to disregard it when making the findings. In conclusion it may be said that it nowhere appears that prior to the commencement of this action defendant claimed plaintiff's possession of the stock certificate to be wrongful, or that he made a demand for the same, nor does it appear that any portion of the profits of the business of the corporation belonging to defendant has been retained by the plaintiff. If, as urged, he has appropriated more money for his salary and for interest on balances due him than he was entitled to, that matter, can only be determined in an action wherein the corporation is a party.

Order affirmed.

Buck, J., absent, sick, took no part.

(Opinion published 59 N. W. 974.)